## Bank of Taylorsville, et al. v. Vandyke, et al.

(Decided June 19, 1914.)

### Appeal from Spencer Circuit Court.

Wills—Construction.—The error of fact complained of in the opinion (159 Ky., 201) is not at all material. When Wade Vandyke died his contingent interest in the estate terminated, and not leaving anything that could or did descend to any person, John Vandyke did not inherit anything from him

L. W. ROSS, J. W. CRUME and BENEDICT ELDER for appellants.

EDWARDS OGDEN & PEAK, WILLIS, TODD & BOND and SAMUEL K. BAIRD for appellees.

RESPONSE TO PETITION FOR MODIFICATION OF OPINION PER CURIAM—Overruling Petition.

Counsel for appellants, in a petition for a rehearing, direct the attention of the court to an error of fact in the opinion where it is stated that at the time the deed was made by the assignee to George Vandyke that John Vandyke had a one-fourth, not a one-fifth, interest in the land, due to the fact that Wade Vandyke had died before the deed was made. In truth, Wade Vandyke died after the deed was made and not as stated in the opinion before it was made. It is now argued that as Wade Vandyke died after the deed was made that upon the death of Wade, his interest fell to the four surviving children, John acquiring a one-twentieth, which it is claimed may be subjected to the payment of the appellants' debts.

The error of fact in the opinion is not at all a material one. It did not make any difference whether Wade died before the deed was made or afterwards. When Wade

died, that terminated his contingent interest in the estate. He did not leave any interest that could or did descend to any person, and, this being so, of course John Vandyke did not inherit from him anything. All the interest that John Vandyke had in the land came to him by the will of his grandfather, and all this interest, whatever it might be, he conveyed to his assignee, and the assignee conveyed to George Vandyke. John Vandyke survived George Vandyke, and therefore upon the death of George Vandyke all the interest that George Vandyke had acquired by virtue of the deed of the assignee passed under his will to the devisees named therein. The interest that John Vandyke conveyed to the assignee related to and covered whatever interest he might have when his father died, if his father died before he did. If John had died before his father, his father, as purchaser from the assignee, would not have taken anything by virtue of the assignee's deed, because John's interest depended entirely upon his survival of his father. Having survived his father, the contingent interest that he had in the land became fixed and certain as of the date of his father's death, and passed under his father's will.

The petition for a modification of the opinion is overruled.